**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DARRELL DEWAYNE EASLEY**                                                              **PETITIONER**

**V.**                        **NO. 3:09CV132-M-A**

**RON KING, et al.**                              **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Darrell Easley, inmate number 77558, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the Respondents' motion to dismiss shall be granted and the petition dismissed with prejudice.

*A. Factual and Procedural Background*

Easley was indicted as a habitual offender. On August 8, 2006, Easley pled guilty to two counts of burglary and five counts of grand larceny in the Calhoun County Circuit Court. Easley was sentenced to eight years imprisonment.[1] Since he pled guilty, Easley did not pursue an appeal.[2] He, instead, filed a petition for post-conviction relief in the trial court on September 9, 2009. The trial court denied his petition on September 14, 2009. Aggrieved by that decision, Easley appealed. The appeal is currently pending before the Mississippi Court of Appeals. On October 28, 2009[3], Easley filed the instant petition challenging his state court convictions.

---

[1] The August 10, 2006, judgment sentenced Easley as an habitual offender to eight years on each burglary count with five years post-release supervision, and ten years on each grand larceny charge with eight years to serve.

[2] In Mississippi, there is no direct appeal from a guilty plea. Miss. Code Ann. § 99-35-101. Rather, a defendant may only pursue an appeal within thirty days of the guilty plea alleging that the sentence imposed is illegal. Miss. R. App. P. 4(a); *Lett v. State*, 965 So. 2d 1066, 1070 (Miss. 2007).

[3] This is presumably the date Easley placed his signature on the petition. The court received the petition on November 9, 2009. Since the difference between the two dates is non-dispositive, the court will use the one most favorable to Easley.

*B. Discussion*

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Since no direct appeal was taken, Easley's conviction and sentence became final thirty days after judgment was entered. Easley's conviction, thus, became final on September 11, 2006[4], the date on which his time for seeking further review in state court expired. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Easley, therefore, had one-year or until September 11, 2007, to seek

---

[4] August 10, 2006 plus 30 days is Saturday, September 9, 2006. September 11, 2006, was the next business day. *See* Fed. R. Civ. P. 6.

2

federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the AEDPA limitations period. *See* 28 U.S.C. § 2244(d)(2).

On September 9, 2009, Easley did file an application for leave to seek post-conviction relief in the trial court which was denied. Easley has appealed the decision. The appeal, however, is currently pending before the Mississippi Court of Appeals.[5] A properly filed application for post-conviction relief will toll the AEDPA's one-year statute of limitation. *Id.* The period is tolled for the length of time the motion is pending. *Starns v. Andrews*, 524 F.3d 612, 616 (5th Cir. 2008). Since the petition for post-conviction relief was filed well beyond September 11, 2007– the expiration of the one-year limitations period– the statutory tolling provision does not apply. *Id.*

Plainly stated, Easley had until September 11, 2007, to seek federal habeas relief. Easley, however, did not file this petition until October 28, 2009, when he presumably delivered it to prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). His petition was, thus, filed 778 days beyond the expiration of the one-year limitations period.

The petition is untimely unless the Petitioner can demonstrate that the one-year limitations period should be tolled under § 2244(d)(1)(B)-(D). A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). In an attempt to avoid the preclusive effect of the limitations period, Easley claims that he was unaware that he was sentenced as an habitual offender. Furthermore, he submits that the sentence imposed did not comport with the habitual offender statute, Miss. Code Ann. § 99-19-81.

First, Easley's argument that he was unaware of the possibility of the imposition of an habitual offender sentence is contradicted by the record. He was indicted as an habitual offender

---

[5] Even if Easley's petition could be considered timely, he has failed to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1) and (c). S*ee also, Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)

pursuant to § 99-19-81. Although there is some plausible argument that the plea agreement may have been altered to reflect the enhancement, Easley was clearly informed of the habitual offender charge in the indictment as well as during the plea and sentencing hearing.[6] The judgment of sentence also indicates that Easley was sentenced as an habitual offender. Easley's commitment papers are also consistent with the trial court's intent to impose the enhanced sentence.

Easley's contention that his sentence does not comport with the habitual offender statute may have some merit. Easley was indicted under § 99-19-81 which requires the sentencing court to impose the maximum term of imprisonment prescribed for the underlying felony. Unlike the Easley's sentence, the court has no discretion to reduce or suspend the sentence. *Id.* Easley, however, cannot show that he has suffered any prejudice as a result of the presupposed error.

Easley's underlying criminal convictions are for burglary of a dwelling in violation of § 97-17-23 which carries a maximum sentence of twenty-five years, and grand larceny in violation of § 97-17-41 which carries a maximum sentence of ten years. If the habitual offender sentence was properly imposed, Easley would have been sentenced to serve twenty-five years imprisonment without the possibility of parole or probation. In other words, if Easley had been sentenced as an habitual offender under 99-19-81, he would be serving every day of a twenty-five year sentence–far more than the eight-year sentence imposed. Therefore, if the court were to grant Easley habeas relief, his sentence would be vacated and he would be returned to state court for re-sentencing with the likely possibility of receiving a twenty-five year sentence.

---

[6] The sentencing court questioned Easley with regard to the charges his guilty plea; "a petition to enter a plea of guilty to seven counts of burglary of a dwelling as an habitual offender; is that correct, Mr. Easley? Yes, Sir." Plea and Senten. Hrg. 2:10-14 (Aug. 8, 2006).
"You were indicted as an habitual offender and your plea, according to your documentation, is being offered as an habitual offender, which means that you will serve day for day any sentence that court imposes on you here today. Do you understand this? Yes, sir." *Id.* at 8:2-7.
More habitual offender discussion at 8:8-14 and 10:18-27.

In any event, Easley has not alleged the existence of any "rare and exceptional" circumstances that would permit the court to consider his petition. The doctrine of equitable tolling will not be used to breath life into his untimely habeas claims. Consequently, the petition must be dismissed with prejudice

A final judgment in accordance with this opinion will be entered.

THIS the 28th day of May, 2010.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**